UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL B THORNTON,

        Petitioner,

v.

DAN PACHOLKE,

        Respondent.

Case No.  C07-5483RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
April 18, 2008**

      This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.

      Petitioner challenges a major infraction for possession of a tattoo gun and possession of tobacco. See, petition (Dkt # 12).  Petitioner has not filed a state Personal Restraint Petition or exhausted any claim raised in his habeas petition.

      Respondent now moves to dismiss for failure to exhaust (Dkt # 19).  Petitioner has not filed a traverse.

## FACTS

      In May of 2007, petitioner was infracted for possession of a home made tattoo gun and possession of tobacco (Dkt # 12, exhibit B).  He was found guilty at a disciplinary hearing and appealed the finding of guilt to the Superintendent, Dan Pacholke.  Petitioner alleges he did not

REPORT AND RECOMMENDATION
Page - 1

y

1  receive an answer to his appeal and he filed a Habeas Corpus action in this court without first filing a
2  state court Personal Restraint Petition.

## DISCUSSION

### Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner did not file a state court Personal Restraint Petition. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). The claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Rose v, Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 18, 2008** as noted in the caption.

DATED this 17 day of March, 2008.

                       /S/ *J. Kelley Arnold*
                       J. Kelley Arnold
                       United States Magistrate Judge